51 F.3d 277
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Robert OSWALD, Petitioner-Appellant,
v.
James A. GAMMON, Respondent-Appellee. [UNPUBLISHED]
 No. 94-3044.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Mar. 13, 1995.
Filed: Mar. 29, 1995.
 
 Before WOLLMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert Oswald appeals from the denial by the district court[1] of his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. Oswald pled guilty half way through his criminal trial to first degree robbery, armed criminal action, burglary in the first degree, and assault in the third degree. He was sentenced as a prior offender and would have been subject to a maximum sentence of life imprisonment if convicted without the benefit of the plea agreement and its fifteen year cap. His application for post- conviction relief was denied by the state courts.
 
 
 2
 In his petition in federal court he raised issues related to the voluntariness of his guilty plea, alleged irregularities in the plea proceeding, and sentencing. The magistrate judge determined that all except one of the claims were barred because he had not raised them in state court and had not established cause and prejudice for the default. The single remaining claim, that his due process rights were violated when the trial court found his plea voluntary, was denied as without basis after a thorough review of the record and the plea proceeding transcript.
 
 
 3
 The sole issue petitioner raises on appeal is that the district court erred in adopting the magistrate's conclusion that most of his claims were procedurally barred because he "can make a colorful [sic ] showing of actual innocence." After the Report and Recommendation was issued, petitioner had filed a "Reply to Respondent's Response to Order to Show Cause" in which he for the first time alleged the claim of actual innocence. The district court considered this filing as objections prior to his final denial of the petition. In this document petitioner claimed he had witnesses that he had left the scene of the original altercation before some of the other events occurred and that someone else had started the fight. He also pointed out that in his view only a partial print linked him to the burglary, and the homeowner had been unable to identify him. He believed he could discredit an officer's testimony by evidence the officer had been humiliated in his attempt to arrest petitioner, and his palm prints didn't match those in an automobile which was somehow involved in the events. This is the extent of what he has offered to support the claim of actual innocence.
 
 
 4
 When a claim of actual innocence is raised to prevent a procedural default, petitioner must "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup v. Delo, 115 S.Ct 851, 867 (1995). The petitioner must make a threshold showing of actual innocence to warrant a hearing. Id. at 868. The timing of his submission is relevant, as is the "likely credibility of the affiants." Id. at 869. Here Oswald submitted no affidavits and did not name any potential witnesses. He did not even raise the claim of actual innocence or mention the new evidence until after the magistrate judge issued her decision. Since he made an insufficient showing on his claim, the district court did not err in concluding that most of the state claims were procedurally barred.
 
 
 5
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri, adopting the Report and Recommendation of the Honorable Catherine D. Perry, then a United States Magistrate Judge, now United States District Judge for the Eastern District of Missouri